| | |
|---|---|
| District Court<br><br>El Paso County, Colorado<br>El Paso County Combined Court<br>270 South Tejon St.<br>Colorado Springs, CO 80903 | DATE FILED: August 7, 2020 12:15 PM<br>FILING ID: 71E711A8156B8<br>CASE NUMBER: 2020CV31411 |
| Plaintiff(s): John Heikkila<br><br>v.<br><br>Defendant(s): Kahr Firearms Group | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff<br>Christian C. Samuelson<br>The Samuelson Law Firm, PLLC.<br>429 South Cascade Avenue<br>Colorado Springs, CO 80903<br>Phone Number: (719) 377-8967<br>E-mail: chris@samuelsonlawfirm.com<br>FAX Number: (719) 418-3670    Atty. Reg. #: 41848 | Case Number:<br><br><br><br><br>Division       Courtroom |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, John Heikkila., by and through his attorney, Christian C. Samuelson, files this complaint against the Defendant's and shows as follows:

## I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff, John Heikkila is an individual who lives in El Paso County Colorado at 11650 Paint Mine Rd, Calhan, CO 80808.
2. Defendant Kahr Firearms Group is a corporation duly organized and authorized to do business under the laws of the State of Colorado, having its principal business office at 105 Kahr Ave, Greeley, PA 18425.
3. This court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief. Colo. Const. Art. VI 9(1)
4. Venue is proper in this judicial pursuant to C.R.C.P. 98 because the losses were sustained in this county.

## II.   GENERAL ALLEGATIONS

1

5. Plaintiff re-alleges all previous allegations and statements of this Complaint and herby incorporates all preceding allegations and statements as if fully set forth herein.
6. Upon information and belief, the following are true to the best of Plaintiff's counsels' knowledge.
7. Plaintiff purchased a Kahr Arms PM4543N from a licensed independent broker and had the weapon shipped to Colorado Springs, Colorado where he lives.
8. Plaintiff is employed as a veterinarian and is experienced and proficient in the safe and proper use of firearms. Plaintiff owns a second weapon of identical make and model and has not previously had any malfunctions or other mechanical problems with the identical weapon.
9. Defendant manufactured and sold the Kahr Arms PM4543N that is the subject of this action.
10. On August 12, 2018, Plaintiff was in a restroom at the Cinemark movie theatres in Colorado Springs, Colorado and was open carrying the weapon in question, which was secured in a Blackhawk holster. While in the restroom the weapon fell out of its holster and landed on a tile floor on the rear slide of the weapon. Upon being dropped on the floor the weapon spontaneously discharged and a bullet struck Plaintiff in his abdomen, 1 inch to left of his belly button. The bullet came to rest under his left rib where it remains.
11. Plaintiff's wife and daughter immediately transported Plaintiff to Memorial Hospital where Plaintiff was admitted and underwent emergency surgery to prevent his death. Plaintiff recovered after receiving emergency medical care, but medical personnel were unable to remove the bullet from Plaintiff's abdomen.
12. The weapon was seized as evidence by the Colorado Springs Police Department where it was stored in a secured evidence locker until it was recently returned to Plaintiff.
13. As a direct and proximate result of being struck by the bullet fired from the weapon, Plaintiff suffered physical, emotional and economic damages and injuries.
14. As a direct and proximate result of Defendant's sale of the product, Plaintiff has been permanently impaired and suffers from physical, emotional and economic damages and injuries.

15. As a direct and proximate result of Defendant's sale of the product Plaintiff has incurred non-economic losses, including pain and suffering, anxiety, post-traumatic stress and other injuries.
16. All conditions precedent to the warranty causes of action set forth in this Complaint have been performed or have occurred.

### III. FIRST CLAIM FOR RELIEF
### (Negligence)

17. Plaintiff incorporates the foregoing allegations.
18. Defendant owed Plaintiff a duty to manufacture and sell the weapon in question so that it operated in a safe and reasonable manner that would not allow for accidental discharges when the weapon was dropped.
19. Defendant breached that duty.
20. Plaintiff suffered injuries, losses and damages as described herein.
21. Defendant's breach of its duty of reasonable care was a proximate cause of Plaintiff's injuries, losses and damages described herein, in an amount to be proven at trial.

### IV. SECOND CLAIM FOR RELIEF
### (Products Liability- Breach of Express Warranty)

22. Plaintiff incorporates the foregoing allegations.
23. The Defendant sold the Kahr Arms PM4543N in question to Plaintiff through a licensed, independent broker on gunbroker.com and it was shipped to Cold Iron Operating Company, an FFL dealer in Colorado Springs, Colorado who delivered it to Plaintiff.
24. The Defendant expressly warranted the Kahr Arms PM4543N to the plaintiff, as follows: the weapon is warranted to be free of defects in material or workmanship.
25. The plaintiff is the person who was reasonably expected to use, consume, or be affected by the Kahr Arms PM4543N.
26. The Kahr Arms PM4543N was not as warranted.
27. The breach of warranty caused the plaintiff's injuries, losses and damages as described above.

EXHIBIT A

28. On or about July 27, 2020 Plaintiff had the weapon inspected by a gunsmith, who suggested to Plaintiff that the design of the weapon is defective in that it renders the weapon unsafe under normal operating conditions.
29. Within a reasonable time after Plaintiff discovered or should have discovered the breach of warranty, Plaintiff notified Defendant of the breach via this action.

## V.  THIRD CLAIM FOR RELIEF
### (Products Liability-Breach of Implied Warranty of Merchantability)

30. Plaintiff incorporates the foregoing allegations.
31. Defendant sold the Kahr Arms PM4543N to Plaintiff through a licensed broker.
32. Plaintiff is a person who was reasonably expected to be use, consume or be affected by the product.
33. Defendant was a merchant with respect to the type of product involved in the claim.
34. The product was not of merchantable quality at the time of sale.
35. The breach of warranty caused Plaintiff to suffer injuries, losses and damages, as described above.
36. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified the defendant of the breach.

## VI.  FOURTH CLAIM FOR RELIEF
### (Products Liability-Breach of Implied Warrant of Fitness for a Particular Purpose)

37. Plaintiff incorporates the foregoing allegations.
38. Defendant sold the item in question to Plaintiff through a licensed broker.
39. Defendant impliedly warranted the item in question to be fit or suitable for the particular purpose described by Plaintiff.
40. Plaintiff is a person who was reasonably expected to use, consume, or be affected by the item in question.
41. The item in question was not suitable or fit for the particular purpose for which it was warranted.

EXHIBIT A

42. The breach of warranty cause Plaintiff to suffer injures, losses and damages as described above.
43. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant of the breach.

## VII. JURY DEMAND

44. Plaintiff demands a jury on all claims so triable

## VIII. PRAYER FOR RELIEF

45. Wherefore, Plaintiff John prays for entry of judgment in favor of Plaintiff and against Defendant for:
    a. Damages to compensate Plaintiff for the full extent of his economic, non-economic, and permanent impairment damages and losses, in amounts to be proven at trial;
    b. Cost of suit;
    c. Pre and post judgment interest, to the fullest extent permitted by law;
    d. Reasonable attorney fees, to the fullest extent permitted by law; and
    e. Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of August 2020.

THE SAMUELSON LAW FIRM, PLLC

//Christian C. Samuelson//

Attorney for Plaintiff
Christian C. Samuelson, #41848

Plaintiff's Address
11650 Paint Mine Road
Calhan, CO 80808

5

EXHIBIT A