IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 20–cv–02705–MDB

JOHN HEIKKILA,

    Plaintiff,

v.

KAHR FIREARMS GROUP,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion Seeking Certification for Interlocutory Appeal of the Court's Order on Summary Judgment or to Certify a Question to the Colorado Supreme Court. (["Motion"] Doc. No. 76.) Plaintiff responded, and Defendant replied. (["Response"], Doc. No. 93; ["Reply"], Doc. No. 94.)[1] For the reasons described herein, the Motion is **DENIED**.

### BACKGROUND

This matter concerns a firearm that discharged in the bathroom stall of a Cinemark Movie Theater in Colorado Springs, Colorado, on August 12, 2018. (*See* Doc. No. 61 at 3; Doc. No. 66 at 2.) The facts surrounding this incident are detailed in this Court's prior order on Defendant's motions to preclude Plaintiff's expert and for summary judgment. (["SJ Order"], Doc. No. 71.)

---

[1] The parties' briefing took longer than expected because Plaintiff's counsel passed away and Plaintiff needed time to secure new counsel.

The SJ Order dismissed Plaintiff's design defect claim but held the manufacturing defect claim survived Defendant's motion for summary judgment. (*Id.*) Defendant asked the Court to reconsider its decision, and the Court declined. (["Order on Motion to Reconsider"], Doc. No. 73.) With this Motion, Defendant takes another bite at the apple, asking this Court to certify the SJ Order for interlocutory appeal, or in the alternative, certify a question to the Colorado Supreme Court. (*See generally* Doc. No. 76.)

## LEGAL STANDARD

### I. Certification to the Colorado Supreme Court under Colo. R. App. P. 21.1

Pursuant to Rule 21.1 of the Colorado Rules of Appellate Procedure, the Colorado Supreme Court may answer a question of law certified to it by a federal court when there are:

> questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court.

*Gale v. City & Cnty. Of* Denver, 500 P.3d 351, 353-45 (Colo. 2020).

Federal courts have discretion in determining whether to certify a question to the Colorado Supreme Court. *Anderson Living Tr. V. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018). A court can certify when an issue is so novel that it feels "uncomfortable attempting to decide it without further guidance," but federal courts do not certify questions to "sister state courts every time an arguably unsettled question of state law comes across [their] desks." *Pino v. U.S.*, 507 F.3d 1233, 1236 (10th Cir. 2007). Indeed, "federal courts have a duty to decide difficult or unsettled questions of state law[.]" *Lewis v. United States,* 2023 WL 4297580, at *2 (D. Colo. June 29, 2023).

### II. Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), a court may certify an issue for interlocutory appeal when the order:

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]

Courts in this district have parsed this into three requirements: "(1) the order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation." *Vandiver v. MG Billing Ltd.,* 2023 WL 3247286, at *1 (D. Colo. May 4, 2023) (quoting 28 U.S.C. § 1292(b)); *see also Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, 2019 WL 4778796, at *4 (D. Colo. Sept. 30, 2019).

Interlocutory appeals are generally disfavored. *See Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) ("Such appeals are necessarily disruptive, time-consuming, and expensive for the parties and the courts." (quotations omitted)). A district court will only certify an issue for interlocutory appeal under § 1292(b) in exceptional circumstances. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases...." (quotations omitted)).

## ANALYSIS

Defendant challenges this Court's interpretation of C.R.S. § 13-21-503, and seeks relief under two alternative frameworks. First, Defendant asks this Court to certify the SJ Order for interlocutory appeal because the application of C.R.S. § 13-21-503 presents a controlling question of law for which there is substantial ground for difference of opinion. (*See* Doc. No. 76

3

at 1-2.) In the alternative, Defendant asks the Court to certify the question of Plaintiff's burden of proof under C.R.S. § 13-21-503, to the Colorado Supreme Court. (*Id.* at 2.)

As a threshold matter, the Court notes the statute in question has now been repealed. *See Act Concerning Gun Violence Victims' Access to the Judicial System*, ch. 122, § 1 (2023). The repealing law was signed by Governor Polis in April of this year, and became effective on October 1, 2023. *See id*. "Powers derived wholly from statute are extinguished by its repeal." *People v. D.K.B.,* 843 P.2d 1326, 1331 (Colo. 1993) (quoting *Vail v. Denver Bldg. & Constr. Trades Council,* 108 Colo. 206, 210, 115 P.2d 389, 391 (1941)); *Hirschburg v. People,* 6 Colo. 145, 146–47 (1881); *Modern Bhd. Of America v. Lock,* 22 Colo.App. 409, 414–16, 125 P. 556, 558 (1912); *see also In re Shaver,* 140 F.2d 180, 181 (7th Cir. 1944); *Gustafson v. Rajkovich,* 76 Ariz. 280, 263 P.2d 540, 543 (1953); *Wieslander v. Iowa Dep't of Transp.,* 596 N.W.2d 516, 522 (Iowa 1999); *see generally* 1A Norman R. Singer, *Statutes and Statutory Construction* § 23:7, at 453 & § 23:34, at 568–69, 571 (6th ed. 2002) *(Sutherland Statutory Construction).* And while there are some instances in which a party can claim vested rights or impermissible obligations or duties associated with a repealed law, this does not appear to be one of them. *See generally Hickman v. Catholic Health Initiatives*, 328 P.3d 266 (Colo. Ct. App. 2013). Here, the repealed law concerns Plaintiff's burden of proof—a burden he must carry during a trial that has yet to occur. In other words, when Plaintiff is put to his proof at trial, he will not be subject to C.R.S. § 13-21-503. Therefore, Defendant's Motion concerning the application of C.R.S. § 13-21-503 is, arguably, moot.

But the parties have not addressed the issue of repeal, and the Court will not presume a particular outcome based on this development. Instead, it will consider the arguments in Defendant's Motion as though C.R.S. § 13-21-503 continues to apply to the claims in this case.

I.   Certification to the Colorado Supreme Court under Colo. R. App. P. 21.1

Defendant contends the following question should be certified to the Colorado Supreme Court:

> Does Colo. Rev. Stat. § 13-21-503 require that a plaintiff show a variation from design through direct evidence to sustain a manufacturing defect claim with respect to a firearm?

(Doc. No. 76 at 4.) In support of its request, Defendant argues, "[n]o Colorado court has addressed the application of" this statute and "[t]herefore, there is no controlling precedent or even judicial guidance on this issue." (*Id.*) Defendant further argues that this Court's erroneous interpretation of this statute, renders it meaningless. (*Id.*)

For his part, Plaintiff argues the Court's "five pages of detailed analysis…identified a clear and principled approach to interpreting the burden of proof under C.R.S. § 13-21-503." (Doc. No. 93 at 6.) Plaintiff also argues, "the absence of controlling state court precedent is not enough. The Tenth Circuit has cautioned that federal courts should 'apply judgment and restraint before certifying' and decline to certify if the court is comfortable deciding the issue without guidance because it 'see[s] a reasonably clear and principled course.'" (*Id.* (citing *Pino*, 507 F.3d at 1236.).)

The Court agrees with Plaintiff. Certification to our sister state courts "is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.*"* *Anderson Living Tr.*, 886 F.3d at 839 (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th

5

Cir. 1988)); *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999)). Indeed, and as noted above, this Court has a "duty to decide questions of state law even if difficult or uncertain." *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998). More importantly, here, the Court already answered the very question Defendant seeks to have certified to the Colorado Supreme Court. The Court will "not trouble [its] sister state courts" with a question that has already been answered, twice.[2] *Anderson Living Tr.*, 886 F.3d at 839.

## II.   Interlocutory Appeal

Defendant—as part of its motion for reconsideration—already asked this Court to certify the matter for interlocutory appeal. (*See* Doc. No. 72). The Court denied Defendant's motion for reconsideration in its entirety, and in doing so, ruled on the interlocutory appeal issue. (Doc. No. 73 at 12 (ordering that "Defendants Motion for Relief from an order Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. No. 72) is DENIED.")); *see also* 28 U.S.C. § 1292(b) (requiring a court to issue a written order on this matter only when it determines the 1292(b) factors have indeed been satisfied). Said another way, Defendant's second request to have this matter certified for interlocutory appeal is duplicative and improper and can be denied on that basis alone.

In any event, the Court is not of the view that an interlocutory appeal is warranted under the circumstances. First, and as noted above, the statute in question has since been repealed. *See* Act Concerning Gun Violence Victims' Access to the Judicial System, ch. 122, § 1 (2023). Thus,

---

[2] Indeed, certifying to the Colorado Supreme Court a question that has already been answered by this Court is, in effect, asking the Colorado Supreme Court to step into the shoes of a federal appellate court and review this Court's decision. The Court will not do that.

to the extent Defendant has correctly argued that this Court's interpretation was erroneous, there is no danger of other courts relying on the Court's interpretation of a statute that no longer exists. Any alleged error can be addressed on appeal in the ordinary course.

Second, this case is now in its fourth year and set for trial next month. (*See* Doc. No. 1.) 28 U.S.C. § 1292(b) does not provide an automatic stay of the case in connection with an interlocutory appeal, and the Court would not be inclined to grant one. *See* 28 U.S.C. § 1292(b) ("[The] application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.") Indeed, an interlocutory appeal would be a greater drain on resources because the appellate issues would be raised piecemeal. *See generally Vallario,* 554 F.3d at 1262 (finding that interlocutory appeal are "disruptive, time-consuming, and expensive for the parties and the courts").

Finally, this Court has now had an opportunity to consider Defendant's burden of proof argument three times, once in connection with Defendant's motion for summary judgment, once in connection with the Defendant's request for reconsideration, and now in connection with this Motion. The Court continues to be of the view that Defendant's arguments are misplaced because they are premised on alleged requirements that do not appear in the plain language of the now repealed statute. The Court will expand on this point, briefly.

Defendant argues C.R.S. § 13-21-503 requires *direct* evidence that the firearm in question was manufactured at a variance from its design, and that the direct evidence *must* be an expert opinion that compares the design to the subject firearm and explains the specific variance. (*See* Doc. No. 76 at 4-5; Doc. No. 94 at 2; Doc. No. 72 at 4-6.) But as the Court explained in prior orders, nothing in C.R.S. § 13-21-503 requires the very specific modes of proof articulated

7

by Defendant. Indeed, C.R.S. § 13-21-503 does not speak to the type of evidence required at all. Moreover, reading such requirements into the statute may tread into territory the legislature deliberately sought to avoid. *See*, *e.g., Mendoza v. WIS Int'l, Inc*., 2016 Ark. 157, 9, 490 S.W.3d 298, 303–04 (2016) (where a state supreme court found that a statute which limited the admissibility of evidence and arguably determined the relevance of certain evidence, offended the principle of separation of powers. The court warned that the legislature could not encroach on the judiciary's authority, even indirectly); *see also United States v. Klein,* 80 U.S. 128, 147 (1871) (where the United States Supreme Court delicately cautioned against "pass[ing] the limit which separates the legislative from the judicial power," and "prescribe[ing] a rule for the decision of a cause in a particular way").

In any event, if the legislature wanted to address modes of proof (or speak to certain inadequate modes of proof), it knows how to do that. *See*, *e.g.*, C.R.S. § 16-3-309 (statutory section carefully designed to "identify the characteristics of evidence which will be admissible in a court of law"). But it did not do that here, and the Court presumes it was deliberate in that omission.

Defendant's most recent argument—that this Court's interpretation would render C.R.S. § 13-21-503 meaningless—is also unavailing. The legislative declaration in C.R.S. § 13-21-501 clearly indicated that the purpose of the statute was to exempt gun manufacturers from strict liability. This Court's interpretation of the statute leaves that purpose undisturbed.

This is not a case where there is substantial ground for difference of opinion. It is a case where Defendant simply disagrees with this Court's analysis and decision. Indeed, Defendant conceded there is no split or contrary case law. (Doc. No. 76 at 4 ("No Colorado court had

8

addressed the application of Colo. Rev. Stat. § 13-21-503.")); (Doc. No. 76 at 5 ("[T]here is no precedent concerning the application of Colo. Rev. Stat. § 13-21-503[.]").) And while there may be no case or precedent directly on point, the Court had no trouble reaching a decision that considered the plain language of the statute, the distinction between direct and circumstantial evidence, relevant jury instructions, case law cited by the parties, and more. (*See* Doc. Nos. 71, 73.) Defendant has not met its heavy burden of demonstrating exceptional circumstances warranting interlocutory appeal. *See Caterpillar Inc.*, 519 U.S. at 74.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) Defendant's Motion Seeking Certification for Interlocutory Appeal of the Court's Order on Summary Judgment or to Certify a Question to the Colorado Supreme Court (Doc. No. 76), is **DENIED**.

Dated this 11th day of October, 2023

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge